(88 South. 189)

LINDSEY v. STATE.    (6 Div. 690.)

(Court of Appeals of Alabama.    Jan. 18, 1921.)

1. CRIMINAL LAW ☞723(3)—ARGUMENT BY SOLICITOR, URGING THE JURY TO METE SEVERE PUNISHMENT, WARRANTED.

In a prosecution for homicide, where the indictment included not only charges of murder and manslaughter, but assault and battery, the punishment being left to the jury, and the evidence for the state tended to show defendant was guilty, argument by the solicitor that any juror would desire to decrease murders in the future, and urging them to make an example of defendant, was not improper, in view of the license in argument to which defendant's counsel was entitled.

2. CRIMINAL LAW ☞699—COUNSEL ALLOWED WIDE LATITUDE IN ARGUMENT.

To the end that juries may be impressed with the sacredness of their duties, counsel both for the state and defendant are entitled to wide latitude in drawing their deductions and conclusions in argument, and trial courts should not exercise severe censorship over such argument.

Appeal from Circuit Court, Tuscaloosa County; H. B. Foster, Judge.

Claude Lindsey was convicted of manslaughter in the first degree, and he appealed. Affirmed.

Harwood, McKinley, McQueen & Aldridge, of Tuscaloosa, for appellant.

The argument objected to was highly improper. 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 199 Ala. 411, 74 South. 454.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

MERRITT, J. [1] Under an indictment charging the defendant with murder in the first degree, he was convicted of manslaughter in the first degree, and sentenced to the penitentiary for a term of five years.

In the course of his final argument to the jury the solicitor used the following as a part of his argument:

"There is not a man on this jury, if he knew there was going to be on the result of his action in this county 20 murders next year, and 10 murders the next year, and if he had his choice he would make it 10."

"You say this by your verdict, you put him where he belongs, and he won't use this pistol on another man soon, and you let him go and take his pistol, and you stand the consequence if he kills somebody else."

"I believe this jury is going to render such a verdict that they can look the people in the face."

"The court holds that is a fair argument, I don't believe the jury is going to do anything they are ashamed of."

The four above statements of the solicitor are made the basis for the only assignment of error in the case. These statements appear to be conclusions drawn from the state's theory of its case, which would follow should the jury concur in such a conclusion.

Embraced within the indictment under which the defendant was on trial was murder in the first and second degree, manslaughter in the first and second degree, assault with intent to murder, and assault and battery, and the punishment in each instance left with the jury, varying from death to the payment of a fine, in the event that the jury should conclude that the defendant was guilty. The solicitor, therefore, believing from the facts that the defendant was guilty, we take it, was seeking to have the jury mete out such punishment as would not only be sufficient in this case, but such as would be a sign and warning to others not to travel the same course, and in so doing we think he was as well within his province as it would have been for the defendant to have called their attention to and press upon them the necessity of believing that the defendant was guilty beyond all reasonable doubt, before they could convict him, and that the law sought to convict no innocent man, but in its determination to see that none but the guilty are punished; there is that invisible sign in every temple of justice that it is better that

the guilty go free than that the innocent should suffer.

[2] To the end that juries may be impressed with the sacredness of the duties they are called upon to perform, counsel for each the state and defendant have always been allowed wide latitude in drawing their deductions and conclusions. It is within the range of legitimate argument for counsel to discuss inferences that may be drawn from the evidence, and to state such inferences. Cross v. State, 68 Ala. 476. In Hobbs v. State, 74 Ala. 41, in an opinion by Judge Stone, it was said:

"Trial courts would be treading on dangerous ground were they to exercise a severe censorship over the line of argument counsel may pursue." Mitchell v. State, 114 Ala. 5, 6, 22 South. 71, 72.

With equal propriety the defendant could have insisted that the jury write such a verdict as they would not be ashamed of, and look the people in the face. The testimony for the state tended to show that the defendant was guilty, while the testimony for the defendant tended to show that the homicide was justifiable. We cannot say from the record in this case that the court erred in refusing to exclude the solicitor's argument excepted to.

There being no error, the judgment of conviction is affirmed.

Affirmed.