10 So.2d 836

**PUGH v. STATE.**

3 Div. 386.

Supreme Court of Alabama.

Nov. 5, 1942.

Rehearing Denied Dec. 17, 1942.

H. C. Rankin, of Brewton, for petitioner.

Wm. N. McQueen, Atty. Gen., opposed.

THOMAS, Justice.

The indictment, trial and conviction were under the statute. Code 1940, T. 14, § 398.

The testimony set out by the Court of Appeals is in direct conflict on the fact as to whether defendant did or did not have sexual intercourse with the woman named in the indictment. She testified that he did have such intercourse with and abused her in the act. The defendant testified that he did not stay in the room with her or have anything to do with her during the night.

■ Charge 14 was not unlike charge number three approved in Sims v. State, 146 Ala. 109, 112, 41 So. 413, and it is insisted by appellant that refusing charge fourteen was reversible error. Under the contradiction in the evidence, which we have noted, the charge if not abstract was misleading. 64 Corpus Juris, p. 671, § 599.

The petition for certiorari is denied.

Writ denied.

GARDNER, C. J. and BROWN and LIVINGSTON, JJ., concur.

On Rehearing.

THOMAS, Justice.

This court has frequently discussed requested charges as to proof of good character of a defendant. One of the latest cases in which the authorities are collected is Wilson v. State, ante, p. 1, 8 So.2d 422. 439. See also Taylor v. State, 149 Ala. 32, 42 So. 996.

■ We have again examined the oral charge of the court and are of the opinion that the jury were fully and fairly instructed as to the effect of evidence as to the good character of defendant, that when this evidence is taken and considered with all the other evidence in the case, it is sufficient to generate a reasonable doubt in the minds of the jury of defendant's guilt, and entitled him to a verdict of "not guilty" when but

for this evidence of good character the jury would not have entertained such reasonable doubt of guilt.

It is unnecessary to discuss the many authorities cited by appellant's counsel in support of the application for rehearing. Suffice it to say, we have again carefully considered the case, and no other question is presented for decision in the application for rehearing.

Application for rehearing is, therefore, overruled.