14 So.2d 147

**STUART v. STATE.**

4 Div. 266.

Supreme Court of Alabama.

June 10, 1943.

Cope & Cope, of Union Springs, for appellant.

Wm. N. McQueen, Acting Atty. Gen., for the State.

FOSTER, Justice.

This appellant was convicted of second-degree murder in killing Gus Culpepper. The questions shown by the record and argued by counsel for appellant relate to the acts and conduct of William and Robert Stuart, sons of appellant; and a threat previously made by William.

It is contended that there is no sufficient evidence of a conspiracy, and that such conduct was not a part of the res gestae.

There are tendencies of the evidence that Gus Culpepper and a party of relatives and friends were down in a pasture of one of them in the afternoon to hunt rabbits, and to look for cows, and had some dogs. Gus had a rifle of twenty-two calibre. That appellant and his two sons were also out hunting rabbits with dogs, and that he had a double barrel shotgun; the boys had no gun.

Culpepper's dogs jumped a rabbit, and they followed it across a branch onto a hill beyond; then appellant came down across the hill and they met with the Culpepper party. At that time Gus was about twenty steps away. Appellant shot his shotgun, afterwards claiming that he was shooting at a rabbit. Before the shooting, Gus said "Look out, Tom," (referring to appellant). Immediately afterwards Gus shot his rifle two or three times, and appellant then shot his gun again. Gus and appellant were both hit in this shooting. Gus turned and started down the branch and went for about ninety-two steps. Then the two boys, William and Robert, came up from over the hill, and William came in on Gus and they had a tussle, in which Gus had William down and the latter told Robert to shoot him, which he did, the shot taking effect in his hip. This took place ninety to one hundred yards from where appellant was when he did his shooting, and where he remained during the fight with William and Robert, and was in sight of it.

There was evidence of a previous difficulty between appellant and Gus, and of threats to kill made by appellant. Also of a threat made by William about two or three months before, saying, "me and daddy is going to kill him."

The court admitted the evidence of the difficulty of Gus with William and Robert, and of the threat made by William on the theory that from those circumstances the jury could find the existence of a conspiracy between appellant and his sons to kill Gus.

We agree with the trial court in so holding. We also think that the transaction by Gus with William and Robert was but a continuance of that between Gus and appellant, and was a part of the res gestae of

it. William was jointly indicted with appellant, but there was a severance resulting in the trial of appellant separately. William did not testify in the trial.

The principle of res gestae has application here to an occurrence in the presence or sight of defendant, a short time after the shooting of deceased by defendant, when it tends to elucidate the controversial matters of it, and springs out of it as a spontaneous consequence, occurring at a time and place so near to it as reasonably to preclude the idea of a deliberate design. They are then said to be regarded in effect as contemporaneous with the main fact. Wesley v. State, 52 Ala. 182, 187; Gandy v. Humphries, 35 Ala. 617, 624; Mayberry v. State, 107 Ala. 64, 68, 18 So. 219; Dudley v. State, 185 Ala. 27(3), 64 So. 309; Nelson v. State, 130 Ala. 83, 88, 30 So. 728.

This seems to be the general rule elsewhere expressed. 32 Corpus Juris Secundum, Evidence, § 413, pp. 37, 38, notes 19, 22 and 23.

It is clear to us that the occurrence between Gus and William and Robert, sons of appellant, and in his sight, about ninety steps away, occurring in close sequence to the main transaction, apparently springing out of it spontaneously, was admissible, making them parties to the main occurrence, and thereby making legal evidence of what was then and there done and said.

We find no reversible error which occurred in this connection. There is no other matter shown by the record which needs our discussion.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.