26 So.2d 608

**Ex parte STATE ex rel. ATTORNEY GENERAL.**

**COTNEY v. STATE.**

**7 Div. 871.**

Supreme Court of Alabama.

April 25, 1946.

Rehearing Denied June 27, 1946.

S. A. Lynne and Melvin Hutson, both of Decatur, for petitioner.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., opposed.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the petitioner.

146

Jacob A. Walker, of Opelika, J. Sanford
Mullins, of Alexander City, and Handy
Ellis, of Columbiana, for respondent.

**BROWN, Justice.**

Amos Cotney was indicted in the Circuit Court of Clay County for murder and on his trial he was convicted of murder in the second degree and his punishment fixed by the jury at twenty years in the penitentiary. From the judgment of conviction he appealed to the Court of Appeals and on February 13, 1945, that court affirmed. Ala.App., 26 So.2d 598. After application for rehearing was overruled, he invoked the jurisdiction of this court by petition for certiorari to review said judgment of conviction. The application was set down for argument and on June 20, 1945, after argument, the court granted the writ and brought the record up for review. On July 26th, at a special term, the court reversed the judgment of the court of appeals and remanded the case to that court; but application by the state for rehearing filed August 4, 1945, was

on October 25, 1945, granted, the judgment of reversal vacated and the judgment of the court of appeals affirmed. 26 So.2d 603. Thereafter Cotney applied for rehearing and his rehearing was overruled December 6, 1945, and the certificate and mandate from this court was issued and filed with the court of appeals on that date. Thereafter the court of appeals reissued its certificate of affirmance and mandate to the trial court. On December 10, 1945, the court of appeals recalled said reissued certificate, and on December 19, 1945, Cotney filed another application for rehearing in that court. The attorney general moved to strike said application on the ground that the court of appeals had exhausted its final jurisdiction in the affirmance of the judgment of the circuit court and when that judgment was reviewed and affirmed by this court, the court of appeals was without jurisdiction to further consider the case.

The court of appeals on argument indicated that it was of opinion that it had jurisdiction to further consider the case, and took the motion to dismiss, together with the application for rehearing on submission, under advisement; and the state through the attorney general applied here for writ of prohibition. The rule nisi was issued and the judges of the court of appeals, other than Harwood, J., who recused himself, made answer, stating in substance the foregoing facts.

The contention is now made that final appellate jurisdiction of the Cotney case was and is in the court of appeals of which review by appeal is expressly forbidden by the constitution; and to vest review by certiorari with the essential attributes of appeal as distinguished from those which chracterize the writ at common law, would contravene the constitution.

It is settled beyond controversy that the court of appeals established under the Act of 1911 by the legislature, as authorized by Section 140 of the Constitution of 1901, and continued through the Code of 1923, and brought forward into the Code of 1940, as Chapter III, with certain exceptions not here pertinent, has "final appellate jurisdiction of all suits at law

148

where the amount involved, exclusive of interests and costs does not exceed the sum of one thousand dollars, of all misdemeanors, including the violation of town and city ordinances, bastardy, habeas corpus and all felonies, where the punishment has been fixed at twenty years or under." Code 1940, Tit. 13, § 86.

But the statute which established and created the court of appeals also provided: "The decisions of the supreme court shall govern the holdings and decisions of the court of appeals, and the decisions and proceedings of such court of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the constitution of the state." Code of 1940, Tit. 13, § 95.

The statute, Code 1940, Tit. 13, § 98, also provides for a review of the court of appeals by writ of error in certain cases, and Rule 44 of Supreme Court practice provides for and regulates applications for certiorari and writs of error to review the decisions of the court of appeals.

Under the practice prescribed by these statutes and rules, the holdings here have been, if this court declines to take jurisdiction, "the writ of certiorari is denied." If, on the other hand, under amended Rule 44, Code 1940, Tit. 7 Appendix (243 Ala. p. XVI), upon preliminary consideration it is probable there is merit in the petition, the writ of certiorari is granted and the case is set down for oral argument, of which due notice is given, and the case then stands for submission on oral argument and briefs. And if on examination of the opinion of the court of appeals in connection with the record, the rulings of the court of appeals are free from errors of law, the judgment of the court of appeals is affirmed. Aside from the right of petitioner to apply for rehearing in this court, the proceedings are at an end.

■ "It is the duty of this court, in order to enable it to carry out the powers with which the constitution invests it, of exercising 'a general superintendence of inferior jurisdiction,' to adopt such course of proceeding as will make its control complete. Ex parte Chaney, 8 Ala. 424." Ex parte Croom & May 19 Ala. 561, 566;

Ex parte Candee, 48 Ala. 386, 412. These utterances were reaffirmed in Ex parte Louisville & Nashville R. Co., 176 Ala. 631, 636, 58 So. 315.

■ On the other hand where this court takes jurisdiction by granting the writ, the judgment of the court of appeals may be reversed and remanded with directions, as in Seals v. State, 239 Ala. 5, 194 So. 682; Id., 29 Ala.App. 154, 194 So. 677; or may be corrected and affirmed (Rainey v. State, 245 Ala. 458, 17 So.2d 687); or may be reversed and remanded to the court of appeals for further proceedings. Smith v. State, 243 Ala. 254, 11 So.2d 471; Evans v. State, 246 Ala. 328, 22 So.2d 98. In the last mentioned category, the court of appeals is reinvested with jurisdiction and may proceed to reconsider the case. Smith v. State, 31 Ala. App. 12, 11 So.2d 466, certiorari denied, 243 Ala. 627, 11 So.2d 473. Or, in a proper case, the judgment of the court of appeals may be reversed and a judgment here rendered affirming the judgment of the trial court. Howell v. City of Fort Payne, 246 Ala. 315, 20 So.2d 880; Id., 31 Ala.App. 512, 20 So.2d 878; Downey v. State, 241 Ala. 514, 4 So.2d 428.

In cases involving extradition proceedings under the federal constitution and statutes, the Supreme Court will examine the entire record, and render such judgment as the trial judge should have rendered in habeas corpus proceedings, though the Court of Appeals did not promulgate an opinion treating the questions presented. State v. Parrish, 242 Ala. 7, 5 So.2d 828.

■ When the court of appeals affirmed the judgment of conviction in the Cotney case, it exhausted its appellate jurisdiction, except to consider application for rehearing made within the time and in accordance to the rules prescribed for such rehearing; and to correct errors apparent on the record, during the term at which the judgment of affirmance was entered. Ex parte Minto, 187 Ala. 671, 65 So. 516; Minto v. State, 9 Ala.App. 95, 64 So. 369.

■ The court of appeals having exhausted its final appellate jurisdiction by the affirmance of the judgment of convic-

tion, and that judgment being here reviewed and affirmed, the court of appeals is without jurisdiction to entertain the second application for rehearing filed after the affirmance of the judgment by this court.

Let peremptory writ of prohibition issue as prayed.

GARDNER, C. J., and FOSTER, LAWSON, and STAKELY, JJ., concur.

LIVINGSTON and SIMPSON, JJ., dissent.

SIMPSON, Justice (dissenting).

It is true that the holdings and decisions of the Court of Appeals are governed by those of the Supreme Court and are subject to its general superintendence and control.

Nevertheless, final appellate jurisdiction is reposed in the Court of Appeals—not in the Supreme Court—as regards the instant appeal. Code 1940, Title 13, Section 86; Constitution, Section 140. And the Supreme Court, by its last and only authoritative decision in the case, merely approved the judgment and decision of the Court of Appeals which should be accorded no more legal effect than a denial of certiorari in the first instance, the result of which would have been a renunciation here of jurisdiction in the cause.

The final judgment of the Supreme Court was an eradication of its initial erroneous decision predicated on the unjustifiable awarding of certiorari and, though characterized as an affirmance of the judgment of the Court of Appeals, it was in essence, finally, no more than a refusal to exercise its constitutional prerogative of supervisory control over the proceedings of the Court of Appeals. The last judgment of this court was but an affirmance of the pronouncements of the applicable law as declared by the Court of Appeals and could have no more efficacy to supplant the jurisdiction of that final appellate court than an initial denial of the writ. In no sense could it be conceived that, by this limited method of review, first arbitrarily exercised by us under an erroneous conception of the applicable law, jurisdiction of the other final appellate court had been thereby irrevocably withdrawn, in a cause where final jurisdiction was by statute and constitution therein lodged.

Otherwise, the intercalation in the present Constitution, 1901 (absent in the corresponding section of the Constitution of 1875, art. 6, § 2), providing, inter alia, that the Supreme Court shall have appellate jurisdiction "except where jurisdiction over appeals is vested in some inferior court, and made final" (here the Court of Appeals), would be a meaningless excrescense and without legal force.

It is not doubted that ultimate judicial power is vested in the Supreme Court and to this end will be exercised to compel action by the Court of Appeals within its jurisdiction and to preserve uniformity of decisions of the two courts of last resort, but this supervisory power will be employed with great caution (Ex parte Louisville & Nashville R. R. Company, 176 Ala. 631, 58 So. 315) and certainly not now by granting a writ prohibiting the exercise of its jurisdiction in this case when its decision and judgment was correct and not subject to modification and where correct action here in the first instance would have been to approve its proceedings and to deny the writ of certiorari without even temporarily suspending jurisdiction of that Court by an award of the writ.

It is likewise unsound to construe the case of Minto v. State, 9 Ala.App. 95, 64 So. 369; Ex parte Minto, 187 Ala. 671, 65 So. 516, as authority for holding that jurisdiction of the Court of Appeals ended in the cause with the end of the term of court at which the judgment was rendered. This for the reason that the certificate of affirmance was withdrawn, on application for rehearing duly made in that court, and the proceedings remained in fieri during the successive steps taken in the cause to the present time. 34 C.J. 213, § 437; 14 C.J.S., Certiorari, § 108, p. 245.

On the basis of these considerations I cannot accord with the majority decision and respectfully dissent.

LIVINGSTON, J., concurs in this dissent.