31 So.2d 681

### BROWN v. STATE.

6 Div. 491.

Supreme Court of Alabama.

Nov. 21, 1946.

Rehearing Denied Jan. 16, 1947.

Wm. N. McQueen, Atty. Gen.; and Jas. T. Hardin, Asst. Atty. Gen., for the peti-tion.

Beddow & Jones and Geo. Rogers, all of Birmingham, opposed.

BROWN, Justice.

Aubry Neal Brown was convicted of murder in the second degree and his punishment fixed at imprisonment in the penitentiary for a term of twenty years. The case was tried on his plea of not guilty and not guilty by reason of insanity. On appeal to the Court of Appeals the judgment of conviction was reversed for admitting in evidence a conversation between the deceased and the sheriff shortly before the

rencounter in which the deceased lost his life and the refusal of specially requested written charges ·A-6 and 11 to the defendant.

The facts stated by the Court of Appeals' opinion as a basis for reviewing the ruling of the trial court are: "Appellant admittedly killed his brother-in-law. The evidence for the State tended to show that the defendant in company with one Goodwin, also a brother-in-law, visited the place of business of the deceased. The building, it appears, was used as a combined residence and restaurant. Members of the party, including the wife of the deceased, made some automobile trips, but finally reassembled at the front of the restaurant and residence. There the defendant and deceased engaged in a discussion which led to an argument over some family affairs. Following this conversation the deceased returned to the inside of his dwelling. Appellant lingered for ten or fifteen minutes on and near the premises and then got in a car. He drove a distance of some miles and returned with a shot gun. According to some of the State's witnesses, with gun in hand he walked around and near the house in which the deceased lived, while the latter was therein. After a lapse of about thirty minutes he re-entered his automobile and backed it nearer to the front door of the restaurant. Within a short period of time the deceased came out of the front door and fired a rifle three or four times into the car in which the defendant was sitting. Appellant was struck in the forehead. The evidence tended strongly to establish that the wound was caused by some piece of metal and not the bullet from the rifle fire. In any event the injury was not serious, but did cause considerable blood flow. The defendant got out or fell out of the automobile on the opposite side from the building and the deceased went back into the restaurant. There he left his rifle but forthwith came back out and went to the automobile behind which the appellant was crouched. There is a conflict in the evidence as to whether or not the deceased reappeared with a pistol in his hand. After some slight visual examination of the car, the deceased retraced his steps to his place of business and just as he was entering the front door appellant shot him."

■ The details of the conversation testified to by the sheriff as set out by the Court of Appeals in the opinion are:

"A. He said 'This is Wilkey', and he says 'I run a place on the Trussville Highway, and there is two men here in front of my stand with a shotgun threatening me. Can you send a car up here and get them?' I said 'Are those men there now', and he says 'They are driving off right now.' I said 'If they are driving off right now, it will be foolish for me to send a car up there because they wouldn't be there when the officers got there, but if they come back, if you will call me and my car isn't here I will get two other deputies to send up there.' "

"The second, as set out in the record, is:

"A. He says 'Those two men are back here', and he says 'They are right in front of my stand' and he says 'One has a shotgun and is calling me all kinds of names', and he says 'Get on out here, they are going to kill me.' I says 'Mr. Wilkey, I will send a car up there right away.' He says 'If you will, hurry up and get them up here,—I don't want to get hurt and I don't want to hurt or have to kill anybody.'

"Q. Was that all? A. I told him the car was leaving right then."

We are of opinion that the conversation between the deceased and the sheriff superinduced by the menacing presence and threats by the defendant are within the res gestæ of the killing, "substantially contemporaneous with the main fact under consideration, and so closely connected with it as to illustrate its character." Dudley v. State, 185 Ala. 27, 64 So. 309; Roan v. State, 225 Ala. 428, 143 So. 454.

■ The Court of Appeals also predicated the reversal on the refusal of special written charges A-6 and 11 requested by the defendant which, as stated in the opinion under review, were not covered by charges given or by the oral charge of the court. The attorney general insists that these charges were substantially covered by the oral charge of the court and that reversal should not be predicated on their

refusal. Code 1940, Tit. 7, § 273. The oral charge is a part of the record proper. Code 1940, Tit. 7, § 272. Whether or not these charges were covered by the oral charge of the court is a question of law presented for decision by this court and it is the established practice to examine the record proper in disposing of such questions, including the oral charge of the court. This practice is fully supported by the authorities.

In Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721, 722, it is held that this court will examine the record for a more complete understanding of those features of the case which are treated in the opinion of the Court of Appeals and observed: "This naturally includes pleadings, charges, and contracts which that court has interpreted in the opinion under consideration."

Kugle et al. v. Harpe, 234 Ala. 494, 176 So. 617, holds that the finding of the Court of Appeals that Georgia adoption proceedings "had no legal effect on question of custody of child was finding on issues at law subject to review by Supreme Court."

In John E. Ballenger Construction Co. v. Joe F. Walters Construction Co., 236 Ala. 546, 184 So. 273, this Court, on certiorari, examined the record, including the bill of exceptions, and interpreted the record for ourselves, resulting in awarding the writ of certiorari and reversing the judgment of the Court of Appeals.

In Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872, 873, it was observed: "We are taken to task for having examined the original record to get a better understanding of the issues made by the pleading on the insistence of appellant, made in petition for certiorari, that its replication was proven without conflict, even as stated in the opinion of the Court of Appeals. Having done so we stated those issues as thus made. This procedure has been by long practice as declared by this court. * * *"

In Pugh v. State, 243 Ala. 507, 10 So.2d 836, 837, it was observed:

"We have again examined the oral charge of the court and are of the opinion that the jury were fully and fairly instructed as to the effect of evidence as to the good character of defendant, that when this evidence is taken and considered with all the other evidence in the case, it is sufficient to generate a reasonable doubt in the minds of the jury of defendant's guilt, and entitled him to a verdict of 'not guilty' when but for this evidence of good character the jury would not have entertained such reasonable doubt of guilt."

We have examined the oral charge of the court in connection with the refused charges A–6 and 11 and we hold that charge 11 was fully covered by the oral charge of the court, and its refusal did not constitute reversible error. Charge A–6 embodies a parenthetical statement and under the recent authority of Southern Building & Loan Ass'n. v. Holmes, 227 Ala. 1[2], 149 So. 861, 862 the trial court was justified in refusing it. The court in that case observed: "Nor are parenthetical statements in charges to be approved, as the legal effect of which has a tendency to render the same confusing to the jury."

The opinion of the Court of Appeals seems to have treated fully all questions presented on the record and held that the only errors committed on the trial were embodied in the rulings we have treated, and the reversal was rested solely on the questions above considered which we hold did not constitute reversible error. The judgment of the Court of Appeals is, therefore, reversed and one here rendered affirming the judgment of the circuit court. Ex parte State ex rel. Attorney General, 248 Ala. 144, 26 So.2d 608.

Reversed and rendered.

FOSTER, LAWSON, and STAKELY, JJ., concur.

GARDNER, C. J., and LIVINGSTON, J., concur in the opinion on the question of the admissibility of evidence, but dissent on reviewing the Court of Appeals by examination of the oral charge and the refused charges to determine whether or not the refused charges were substantially covered by the oral charge.

SIMPSON, J., dissents, and concurs in the opinion of the Court of Appeals.

On Rehearing.

BROWN, Justice.

The last paragraph of the opinion of the Court of Appeals makes this statement:

"There are a few more questions presented for review by the record in the case, but they are of such nature that they rarely occur in the progress of a trial. We do not think, therefore, that a treatment of them would serve any useful purpose."

We are now of opinion that the case should be remanded to the Court of Appeals for consideration of the questions therein referred to.

The judgment of this court will, therefore, be modified so as to remand the case to the Court of Appeals and the application for rehearing is overruled.

All the Justices concur.