133 So.2d 53

Joe Henry JOHNSON

v.

STATE of Alabama.

8 Div. 33.

Supreme Court of Alabama.

June 22, 1961.

Rehearing Denied Sept. 28, 1961.

**635**

David U. Patton and Bruce Sherrill, Athens, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

Joe Henry Johnson was indicted, tried, and convicted of murder in the first degree in the Circuit Court of Limestone County, Alabama, and was sentenced to death by electrocution. He appeals under the automatic appeal statute, Title 15, §§ 382(1)–382(13), Cum.Supp. On the day appointed for his trial, appellant withdrew

his plea of not guilty and entered a plea of guilty to the charge of murder in the first degree, and after hearing the evidence the jury returned a death verdict.

■ Error is sought to be rested on excerpts from the oral charge of the court to which no exception was reserved. The automatic appeal statute does not authorize such a review, no exception having been seasonably taken by appellant. Reedy v. State, 246 Ala. 363, 20 So.2d 528; Scott v. State, 247 Ala. 62, 22 So.2d 529; Haygood v. State, 252 Ala. 3, 38 So.2d 593; Byrd v. State, 257 Ala. 100, 57 So.2d 388; and Walker v. State, 269 Ala. 555, 114 So. 2d 402.

■ Charge No. 4, which concerned voluntary drunkenness, was refused without error, if for no other reason, because the principle of law sought to be expressed was adequately covered by given written charge No. 5, which correctly stated the controlling principle of law. Helms v. State, 254 Ala. 14, 19, 47 So.2d 276, 281.

■ Appellant argues as error to reverse the action of the trial court in overruling the appellant's objections to certain remarks of the solicitor in his closing argument. The general rule is that improper argument of counsel is not ground for a new trial or the subject of review on appeal unless there is due objection by counsel or a motion to exclude, a ruling thereon by the court, an exception thereto, or a refusal of the court to make a ruling. Washington v. State, 259 Ala. 104, 65 So. 2d 704; Anderson v. State, 209 Ala. 36, 95 So. 171.

The only exception to the foregoing rule is where the argument is so greatly prejudicial that its harmful effect is viewed as ineradicable, it may be made a ground for a motion for a new trial. Washington v. State, supra.

■ These rules prevail even under the automatic appeal statute. Only review of rulings on trial with respect to matters of evidence are within the scope of the statute obviating the necessity of interposing seasonable objection. Broadway v. State, 257 Ala. 414, 60 So.2d 701.

■ Following is the argument of the solicitor and objections with exceptions made by appellant's counsel as shown by the record:

"Mr. Sherrill [attorney for defendant] interposed an objection, in behalf of the defendant, to the statement of Mr. Johnson [solicitor], substantially as follows:

" 'He admits and tells you the way he killed the deceased, Dicie Boyd.'

"As grounds for said objection, Mr. Sherrill stated: 'On the ground that the defendant's [sic] didn't take the witness stand in this case, and such statement by the Solicitor in the summation to the jury is prejudicial to the rights of the defendant, that no inference be taken from his failure to take the witness stand.

"The Court: Objection overruled.

"Mr. Sherrill: We reserve an exception."

■ Appellant contends, as is seen from the objection, that the argument of the solicitor was a direct and improper reference to his failure to testify, and therefore in violation of § 305, Title 15, Code 1940. The contention is without merit. The statement was merely a comment by the solicitor upon the evidence admitted during trial and not an unfavorable allusion to the appellant's silence. It was merely a statement of what the defendant had stated in his confession. The statute is, of course, designed to prevent the creation of any unfavorable inference from the accused's silence, but it does not abrogate the right of State's counsel to comment on legitimate inferences of the evidence. Arant v. State, 232 Ala. 275, 167 So. 540.

■ Appellant also argues as error to reverse the statement by the solicitor in his closing argument when he referred to "the last capital case in Limestone County, a kindred case in Limestone County, that has been a deterring effect." These remarks of the solicitor were, of course, improper. However, the court sustained the objection and promptly instructed the jury that such remarks were not legitimate argument and were not to be considered in their deliberation. After careful consideration we conclude that the remark was rendered innocuous by the action of the trial court in excluding the same and the accompanying instructions to the jury.

■■ It is also contended that prejudicial error intervened when the solicitor argued to the jury: "We want to file in the archives of Alabama, and give notice to this entire country, and to Alabama, and to the Southland that we are going to protect the womanhood of Alabama." It is sometimes difficult to draw the line between allowable argument and improper statements in argument. The rule is that an attorney cannot be allowed to state anything as a fact as to which there is no evidence. Olden v. State, 176 Ala. 6, 11, 58 So. 307. But the solicitor may properly comment upon the evil generally of the crime which the law he is seeking to enforce intends to prevent. Dollar v. State, 99 Ala. 236, 13 So. 575. It is only when the statement is of a substantive, outside fact—stated as a fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere and arrest discussion. Cross v. State, 68 Ala. 476, 484; Sanders v. State, 260 Ala. 323, 70 So.2d 802. The remark of the solicitor did not fall within the ban of prejudicial argument but was merely arguendo of his opinion of the case and what the result of the jury verdict should be. The following cases also clearly sustain this view: Satterfield v. State, 212 Ala. 349, 102 So. 691; Frost v. State, 225 Ala. 232, 142 So. 427; Ex parte State ex rel. Davis, 210 Ala. 96, 97 So. 573; Davidson v. State, 211 Ala. 471, 100 So. 641; Lindsey v. State, 17 Ala.App. 670, 88 So. 189; and Witt v. State, 27 Ala.App. 409, 174 So. 794, certiorari denied 234 Ala. 391, 174 So. 795.

■ We now direct our attention to the claimed error when the court overruled the objection to remarks of the solicitor in examining the fifth group of prospective jurors on voir dire. The solicitor stated: "In addition to those questions the Court has propounded on this voir dire, I would like to address myself to the jury, with the authority of Redus v. The State of Alabama. Do any of you gentlemen have any moral, spiritual or conscientious feeling or realization, or scruples known to yourself, or likely and probably to develop within yourself before the termination of this trial (that isn't exactly like it was in the Redus case), that would prohibit you from voting the death penalty, provided the testimony so warranted it." The court thus ruled: "The reference to any authority cited by the State as the law to the court does not concern the jury, and you will give no attention to that. You won't discuss it; you will put it out of your mind insofar as the consideration of this case, if you do,—if you are selected to serve on this jury, and with that explanation, the objection will be overruled."

In Redus v. State, 243 Ala. 320, 9 So.2d 914, 921, referred to by the solicitor, the same solicitor asked: "Gentlemen, do you have any moral or religious scruples against capital punishment? Do you believe that the Bible, in any of its parts, taught that capital punishment was contrary to the Bible?" We there concluded that such examination by the solicitor was no abuse of the sound discretion of the trial court on voir dire examination of the panel from which the jury was selected. The remark objected to here was addressed to the fifth of seven groups of jurors examined on voir dire. Four of the twelve men of this group were excused. Of the

eight remaining it is not apparent whether any one of them was selected to serve on the jury which tried the appellant. With the direct and forceful admonition of the trial court we do not think that any error intervened by the stated remark of the solicitor. Redus v. State, supra.

█ It is necessary to relate some of the facts—revolting in their details—in order to discuss other points which have been raised by diligent counsel representing the appellant. Miss Dicie Boyd, aged about 62 years, was discovered by a relative in the barn on the Boyd premises. She had been raped, murdered, denuded of her clothing, and severely beaten with some blunt instrument, which caused her death. On the same occasion her mother, Mrs. Rowena Boyd, aged about 89 years, was found in their home, also severely beaten and the house ransacked. Shortly after this discovery by the relative, appellant was arrested, and the State toxicologist's examination revealed that stains on his clothing were from human blood. He made two voluntary confessions in writing admitting the horrible crime, for which he was indicted.

█ Appellant argues that the court committed error in allowing witnesses to testify as regards the physical condition of Mrs. Rowena Boyd, the mother of the deceased, the condition of the residence, and its furnishings, etc. This evidence was admitted as within the res gestae of the rape-murder of Miss Dicie Boyd. The appellant argues that these two incidents were separate and distinct and that the physical condition of Mrs. Boyd and the house were entirely separate and distinct in time and place and not within the res gestae of the crime for which the appellant was being tried and should, therefore, have been excluded. The contention is without merit. In homicide cases all the surroundings and circumstances attending the killing, the declarations of the accused at and after the killing, and his conduct at or near the scene are admissible

and form part of the res gestae. Time alone is not the sole criterion as to whether matter is admissible under the rule. Acts, facts, or circumstances admissible under the res gestae are said to be contemporaneous with the main fact when they tend to elucidate the controversial matter, and spring out of it as a spontaneous consequence, occurring at a time and place so near to it as reasonably to preclude the idea of a deliberate design. Cook v. State, 269 Ala. 646, 115 So.2d 101; Byrd v. State, 257 Ala. 100, 57 So.2d 388; Stuart v. State, 244 Ala. 434, 14 So.2d 147; Laws v. State, 209 Ala. 174, 95 So. 819; Dudley v. State, 185 Ala. 27, 64 So. 309; Domingus v. State, 94 Ala. 9, 11 So. 190; Pugh v. State, 30 Ala.App. 572, 10 So.2d 833, certiorari denied 243 Ala. 507, 10 So.2d 836; Dillard v. State, 27 Ala.App. 50, 165 So. 783.

The assault on Mrs. Boyd, according to the confession of the appellant, transpired immediately after the rape-murder of Miss Boyd and was so connected with it as to render it a part of the res gestae and "admissible as shedding light on the acts and motive of the perpetrator of [the] assault". Canty v. State, 244 Ala. 108, 11 So.2d 844, 845, certiorari denied 319 U.S. 746, 63 S.Ct. 1030, 87 L.Ed. 1701; Davis v. State, 213 Ala. 541, 105 So. 677; Parsons v. State, 251 Ala. 467, 38 So.2d 209; Jackson v. State, 229 Ala. 48, 155 So. 581; Keith v. State, 253 Ala. 670, 46 So.2d 705; Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847; and Smarr v. State, 260 Ala. 30, 68 So.2d 6.

Moreover, the evidence with reference to the assault on Mrs. Boyd was admissible against the defendant as tending to show his animus and to illustrate the gravity of the assault on Miss Boyd. Cases ubi supra.

█ Counsel cogently argue that reversible error was committed by the introduction by the State of certain photographs, Exhibits No. 2, A, B, C, D, E, and F. Exhibit No. 2 was a photograph of the deceased in the barn lying on her back

completely nude, showing the wounds received and the position of the body when found. Exhibits A, B, C, D, E, and F were photographs made at the funeral home depicting the wounds received by the deceased around her head and the cuts in her hands. Counsel urge error as the result of failure on the part of the solicitor to furnish them with all photographs pursuant to an order made by the court at a pre-trial hearing. The solicitor informed counsel for appellant at the hearing that he did not have in his possession all the photographs, that some were in the possession of the State Toxicologist and the State Investigator. It is apparent that all photographs in possession of the solicitor at the time of the order were examined by counsel for appellant before the trial. For the others, the court allowed counsel for appellant a reasonable time to examine the photographs before permitting them to be offered into evidence. We fail to perceive any prejudice to the defendant in the manner of the handling of these exhibits.

Counsel also contend that the photographs admitted into evidence were cumulative and resulted in prejudicial error to appellant. We are unwilling to pronounce error in the admission in evidence of the photographs. The rule relative to the admissibility of such photographs has been stated many times and need not be here repeated. McKee v. State, 253 Ala. 235, 237–238, 44 So.2d 781, 783; Hines v. State, 260 Ala. 668, 72 So.2d 296; Walker v. State, 265 Ala. 233, 90 So.2d 221; Pilley v. State, 247 Ala. 523, 25 So. 2d 57; Williams v. State, 255 Ala. 229, 51 So.2d 250; Douglass v. State, 257 Ala. 269, 58 So.2d 608; Fewell v. State, 259 Ala. 401, 66 So.2d 771; Allen v. State, 260 Ala. 324, 70 So.2d 644; Chappelle v. State, 267 Ala. 37, 99 So.2d 431; Smarr v. State, supra; Maund v. State, 254 Ala. 452, 48 So.2d 553. In Reedy v. State, supra, photographs of the victim taken after the assault, though unsightly and only cumulative in character, were admitted as tending to illustrate the gravity of the assault, citing Grissett v. State, 241 Ala. 343, 2 So.2d 399. We, therefore, must hold that no error was committed by the introduction of the photographs.

Appellant's request to examine the notes overnight used by State's witness, R. W. Godwin, to refresh his recollection while testifying on direct examination was denied by the court and is urged as reversible error. Appellant did exercise the privilege granted to him to examine the notes during the trial. It is not clear from the record how much of the witness' testimony was based upon his reference to the notes, but apparently the witness refreshed his recollection from such notes. His testimony was material, yet we cannot say the court committed reversible error in denying the inspection of the notes overnight, for there was no denial of an opportunity to inspect the notes in order that appellant might cross-examine and test the integrity of the witness and its propriety to revive a faded or fading recollection. Acklen's Ex'r. v. Hickman, 63 Ala. 494, 35 Am.Rep. 54.

Mr. W. T. McVay, Assistant State Toxicologist, was qualified as an expert. He examined the body of Miss Dicie Boyd after her death. No error resulted in permitting the expert witness to describe the wounds which he observed on the body of the deceased and to testify that in his opinion such wounds were sufficient to cause the death of the deceased. Rowe v. State, 243 Ala. 618, 11 So.2d 749; Hicks v. State, 247 Ala. 439, 25 So.2d 139; Phillips v. State, 248 Ala. 510, 28 So.2d 542; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Smarr v. State, supra; Frazier v. State, 40 Ala.App. 67, 112 So.2d 212, certiorari denied 269 Ala. 696, 112 So.2d 218.

In one of the statements made by the defendant to a State's witness before defendant confessed to the crime, he explained the presence of blood on his cloth-

**640**

ing as having occurred that day or the day before while helping one John Gorham Nelson to kill hogs. It was permissible for Nelson to testify for the State in denial of this statement, since Nelson's testimony had some tendency to strengthen the verity of the defendant's later confession when he made no such contention. In allowing Nelson to so testify, the trial court stated:

> "The Court: Objection overruled, on the theory that it is theory to be considered by the jury as to whether or not inconsistent,—I mean untrue statements were made at one time by the defendant. You can answer the question. Do you remember the question?"

We do not construe the statement of the trial court, argued by appellant, as a comment on the effect of the evidence but merely a statement by the court as to the respective theories of the case to which this evidence was applicable.

■ The voluntariness of the confessions of the appellant is also questioned. In the recent case of Goldin v. State, 271 Ala. 678, 127 So.2d 375, and the authorities therein cited, the same propositions of law were dealt with wherein it was pointed out that the confessions were not inadmissible, even though they might have been made by defendant while in the custody of officers of the law and in jail. They were nevertheless admissible after having been proved to have been voluntary and made of the own free will of the defendant. Such is the status of the confessions in the instant case. They were admitted without error.

We have studied the record carefully in connection with the ably prepared briefs and argument of counsel and are constrained to hold that no error is made to appear. The case was well tried and the judgment of conviction should stand. So ordered.

Affirmed.

All the justices concur.