## McCLUSKY v. STATE. (8 Div. 528.)

(Supreme Court of Alabama. June 9, 1923.)

**1. Homicide ⚖189—Details of previous difficulty not admissible.**

Where accused was testifying as to a difficulty with deceased the evening before the homicide, it was proper to not permit him to answer the question, "Did any party take them off of you and Roy and stop them—(objection by the state)—beating you up and hurting you?" such details of the former difficulty not being permissible.

**2. Homicide ⚖300(3)—Charges on good faith in retiring from difficulty held proper.**

In murder trial, charges on good faith retirement from the difficulty as a condition to invoking self-defense *held* proper.

**3. Homicide ⚖300(3)—Statement as to evidence of former difficulty held proper.**

Statement of the court, as respects evidence of a difficulty between accused and deceased the evening before the homicide, that such difficulty would not justify taking deceased's life, but was admitted to show the state of mind of the parties, and the character of the assault, if any, made on accused at the time of the killing, and to aid in determining who brought on the last and fatal difficulty, *held* proper.

**4. Criminal law ⚖829(1)—Charges already covered need not be given.**

A charge already covered by another charge need not be given.

**5. Homicide ⚖300(14, 15)—Charge on self-defense held defective.**

In a murder trial, a requested charge on self-defense *held* defective in pretermitting the doctrine of peril and retreat and for failure to hypothesize accused's reasonable belief in danger under the circumstances.

**6. Homicide ⚖113—Right of self-defense not revived by retreat.**

It is not invariably true that, where one retires or retreats from a difficulty, and is pursued by the other party, the retreating party's right to defend himself is revived; but the right is not revived by retreat unless the retreating party is thereby placed in a position of danger, or it is reasonably apparent to him that he is so menaced that he cannot further retreat without increasing his peril.

Appeal from Circuit Court, Lawrence County; Osceola Kyle, Judge.

Ralph McClusky was convicted of murder in the first degree, and appeals. Affirmed.

Charges 2 and 3, given at the request of the state, are as follows:

"I charge you, gentlemen of the jury, that, if you believe from the evidence in this case beyond a reasonable doubt that the defendant went in to his yard for the purpose of getting the gun, and not for the purpose of retiring

from the difficulty in good faith, then he cannot invoke the doctrine of self-defense.

"I charge you, gentlemen of the jury, that, if you believe from the evidence in this case beyond a reasonable doubt that the defendant did not retire from the difficulty in good faith, then he cannot invoke the doctrine of self-defense."

Charges 11 and 24, given for defendant, are as follows:

"I charge you, gentlemen of the jury, that, if you believe from the evidence in this case that the deceased participated with his father and brother on the day before in making an assault upon this defendant and his brother, and at the time the deceased was armed with a pistol and threatened to kill this defendant and his brother, then I charge you that such facts are allowed in evidence in this case for the purpose of assisting you in determining whether or not the defendant at the time of killing the deceased had honest, reasonable belief that Clark had determined, then and there, either to kill him or to do him grievous bodily harm, or to do his mother grievous bodily harm. And such former difficulty may be considered in determining who was at fault in bringing on the fatal difficulty and in determining the promptness with which the defendant was authorized to act at the time of the killing.

"The court charges the jury that, if they are reasonably satisfied from the evidence in this case that the deceased had threatened to take the life of the defendant, and such threats had been communicated to defendant before or at the time of the fatal shooting, then this defendant, on the occasion of this killing, would have been authorized and justified in taking more prompt and decisive means of defense than if such threats had never been made and communicated, provided the defendant was without fault in bringing on the difficulty or entering willingly therein, and his life at the time was in imminent peril, or reasonably appeared to be, and he honestly believed that it was in peril, and under such circumstances as just stated the defendant was under no duty to retreat if you are reasonably satisfied from the evidence in the case that the deceased was at the time about to make an immediate murderous attack upon the defendant, or the defendant reasonably and honestly believed that deceased was about to make such attack."

Charge 22, refused to defendant, reads:

"The court charges the jury that the burden is on the state to satisfy the minds of the jury to a moral certainty that the defendant entered the fight willingly, and, if the evidence in the case satisfies the minds of the jury that the act of defendant in shooting deceased was due to the honest and reasonable belief of the defendant that deceased threw his hand to his pocket, and intended to draw a deadly weapon or was drawing a deadly weapon, with which to use on defendant then and there, then such conduct and acts on the part of defendant would not constitute entering the fight willingly."

Callahan & Harris, of Decatur, for appellant.

Charge 3, given for the state, took from the jury all consideration of questions of self-defense as addressed to the beginning of the difficulty, and was erroneous. Reeves v. State, 186 Ala. 17, 65 South. 160; Beasley v. State, 181 Ala. 28, 61 South. 259. The words and acts of defendant, which would put him at fault in bringing on the difficulty, must have been intentionally done for the purpose. Smith v. State, 15 Ala. App. 662, 74 South. 755. It was for the jury to determine the question of self-defense. W. U. T. Co. v. Louisell, 161 Ala. 231, 50 South. 87; Nichols v. State, 4 Ala. App. 115, 58 South. 681; Bonner v. State, 8 Ala. App. 236, 62 South. 337; Bean v. State, 94 South. 781; Thomas v. State, 18 Ala. App. 314, 92 South. 242; Prater v. State, 193 Ala. 41, 69 South. 539; Sharpley v. State, 18 Ala. App. 620, 93 South. 210; Taylor v. State, 121 Ala. 24, 25 South. 689. The court erred in its charge limiting the purpose of admissibility of evidence of the former difficulty. Beasley v. State, 181 Ala. 28, 61 South. 259; Thornton v. State, 18 Ala. App. 225, 90 South. 66; Nelson v. State, 13 Ala. App. 28, 68 South. 573. And such error could not be cured by the giving of any of defendant's given charges. B. R., L. & P. v. Seaborn, 168 Ala. 653, 53 South. 241; Vacalis v. State, 204 Ala. 345, 86 South. 92. A party abandoning a difficulty need not announce such abandonment by actual words or declarations, but such abandonment may be inferred from his conduct. Beasley v. State, supra.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The oral charge of the court must be considered as a whole; all the law of the case cannot be stated at one time. Bell v. State, 17 Ala. App. 399, 86 South. 139. It appears that the defendant was not in danger, could get out of the way, and that he provoked the difficulty; and he could not claim self-defense, unless he retired from the difficulty in good faith and not for the purpose of getting a gun to shoot deceased. Bluitt v. State, 161 Ala. 14, 49 South. 854; Chaney v. State, 178 Ala. 44, 59 South. 605; Tyus v. State, 10 Ala. App. 10, 64 South. 516; Black v. State, 5 Ala. App. 87, 59 South. 692.

THOMAS, J. The defendant was convicted of murder in the first degree, and his punishment fixed at imprisonment in the penitentiary for life.

The several objections and exceptions reserved on the introduction of evidence are without merit. Defendant gave his version of the fatal difficulty, and stated, without objection, that the evening before the killing he left home and went west on the pike; that he had some words with deceased, and drove on down the pike past the house of deceased for some distance, and remained 15 of 20 minutes; that, returning by way of the pike, "just before he got to the deceased's house he saw the deceased [come] on down

into the pike [with] * * * a pistol in his hand, and [deceased] said: 'Come on up here and we will fix you.'" The state moved to exclude the answer. No exception was then reserved to this "motion to exclude." The court later said, "I will sustain the objection to the question"; the only immediate question being by the court and defendant's counsel. Exception being reserved, the court made clear the purport of the ruling by saying:

"Now, the statement of this witness, gentlemen, that Gernie Clark said the evening before, 'Come on up here, and we will fix you,' is not evidence in this case, and must not be considered by you in reaching a verdict."

The defendant's counsel continued the examination of the witness as to the character and nature of the difficulty between defendant and deceased on the evening before the fatal encounter, and he was permitted to show that it was a felonious assault in which he [defendant] was struck with a pistol. Evans v. State (2 Div. 810) 96 South. 923;[1] Watts v. State, 177 Ala. 24, 59 South. 270; Beasley v. State, 181 Ala. 28, 32, 61 South. 259. There was no error in the foregoing ruling.

[1] There was no error in not permitting defendant to answer the question:

"Did any third party take them off of you and Roy and stop them—(objection by the state)— beating you up and hurting you?"

Such details of the former difficulty are not permissible.

[2] The court gave charges 2 and 3 at the request of the state. In this there was no error. Defendant could not claim the right to shoot in self-defense if, by word or act, he was at fault in bringing on the difficulty, and then retired from the situation, not in good faith to avoid the difficulty, but to arm himself with a gun with which to commit the homicide. Chaney v. State, 178 Ala. 44, 59 South. 604; Bluitt v. State, 161 Ala. 14, 49 South. 854; Tyus v. State, 10 Ala. App. 10, 64 South. 516. However, the law of self-defense that had application, from the beginning of the difficulty to the homicide, was given the jury by the court. The charge did not contravene any rule of self-defense that should be applied under the evidence, nor did it withdraw the consideration of any proper issue of fact from the jury. All the evidence showed that the defendant went unbidden from a place of security at or in his home to or in the public road along which deceased was driving, and that the defendant there addressed a provoking remark to the deceased. Thereafter, to have availed himself of the rule of self-defense, defendant must have retired or retreated from the situation or difficulty with the bona fide intent of not further provoking or pursuing the same. No error was committed in the giving of charges 2 and 3 at the request of the state.

When the oral charge as a whole is considered, no reversible error was committed in the several instructions to which exceptions were taken. The court stated the rule of self-defense clearly. All the law of the case, in respect to the law of self-defense, could not be stated at one time. It was sufficiently stated by the learned circuit judge presiding at the trial.

[3] It is insisted that the court committed error in limiting the purpose for the admissibility of evidence of the former difficulty, to which we have adverted. The court said that the evidence was permitted to go to the jury that they might consider and determine the character of the assault by the defendant on the deceased at the time of the killing, and to consider the fact and nature of the former assault with the other evidence in the case, as the same might tend to show "who brought on the difficulty in which Gernie Clark was slain." The court concluded as follows:

"Those are the only two purposes for which that testimony was permitted to go to you; because, gentlemen, I charge you that the fact, if it be a fact, that they had a previous difficulty, on the day prior to the killing, that, of itself, would not justify this defendant in taking the life of Gernie Clark; but it has been permitted to go to you to show the state of mind of these parties, and to show, as I say, the character of the assault, if one was made, by the deceased on the defendant at the time of the killing, and also for the purpose for you to consider in determining who brought on the difficulty in which Gernie Clark was slain."

The defendant could not be injured by this statement of the effect and purpose of the admission of evidence of the former difficulty. If the defendant thought additional instructions were desirable, he should have so requested; and that he did this is disclosed by defendant's given charges 11 and 24 directed to this issue. When the given charges are considered with the oral charge on the point indicated, no error is presented. However, there was no insufficient statement of the law as applying to the evidence. The general statement of the court, "Those are the only two purposes for which that testimony was permitted to go to" the jury, to which exception was taken, is further amplified by the instructions that, if the parties "had a previous difficulty, on the day prior to the killing," this would not justify defendant in taking the life of the deceased; but the evidence of such previous difficulty was permitted to go to the jury to show the state of mind of the parties and the character of the assault or difficulty between them "at the time of the killing," and also for the jury to consider in "determining who brought on the difficulty in which Gernie Clark was slain." When so understood it is within the rules

---

[1] Ante, p. 563.

obtaining in this jurisdiction that the fact of a former difficulty may be admitted as shedding light on all the component elements of self-defense. Beasley v. State, 181 Ala. 28, 61 South. 259.

[4] Error is assigned for the refusal of charge 15. Of this appellant's counsel said that a party abandoning a difficulty need not announce such abandonment by actual words or declaration to that effect, but, like all other questions of fact, it may be inferred and manifested by his conduct, and that it was proper to explain to the jury the meaning of entering the fight willingly, as applied to the evidence in the case. Without approving this charge, we may say that it is sufficiently covered by defendant's given charge 8.

[5, 6] Refused charge 22 is defective in pretermitting the doctrine of peril and retreat, and the failure to hypothesize that a reasonable man, situated as was the defendant, would have believed himself in danger under the circumstances set forth in the charge. Kuykendall v. Edmondson, 208 Ala. 553, 94 South. 546. As to these charges, it may be well to observe that the statement therein contained—if the defendant retires or retreats from a difficulty and he is pursued by the other party in the difficulty, "his right to defend himself is revived"—is not a sufficient statement of the rule. This right is not revived merely by retreat, unless the defendant is thereby placed in a position of danger, or it is reasonably apparent to him that he is so menaced that he cannot further retreat without increasing his peril.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.