(136 So. 419)

## THOMAS v. STATE.
### 7 Div. 771.

Court of Appeals of Alabama.
June 30, 1931.

Rehearing Denied Aug. 4, 1931.

Thomas E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

Edward Miller, D. C. Byrd, E. G. Pilcher, and E. O. McCord & Son, all of Gadsden, for appellant.

RICE, J.

Appellant, a young man, fatherless, not yet 18 years of age, and of good reputation, was, upon a trial under an indictment charging murder in the first degree, convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of twenty years.

It was admitted by him that he shot, with a shotgun, and killed the deceased, one James Gibbs.

And while he undertook, by his own testimony—there was no other eyewitness than he and deceased—to justify the killing under

a claim of self-defense, said testimony easily gave rise to the inference, if it did not show clearly, that he was not so justified.

The exceptions reserved to rulings permitting testimony as to the actions of the widow of deceased, immediately upon, or simultaneously with, the discovery by her of the dead body of her husband lying in the field, where he had been plowing, just over the hill from their home, cannot avail for reversal. Supreme Court Rule 45.

While the testimony admitted by said rulings may be technically incompetent, which, though, we do not assert, yet we are unable to see, and unwilling to say, that appellant, who was, at the time of the admission of said evidence, not yet identified as the slayer, was injured by its admission.

The said testimony amounted to no more than that the widow, the witness, upon discovery of the body, etc., ran to it, and picked up the head, etc. There was nothing disclosed by said testimony other than what any normal person would have pictured in his mind as having occurred any way.

And so of the rulings permitting the witness Mrs. Gibbs, the widow of deceased, to testify as to the ages, etc., of her small children, who accompanied her the 150 yards, or such a matter, from her home, over the hill to where the body of her husband lay. It was already in evidence, without objection, that she had seven children, some of them small, and the particular testimony objected to seems to us admissible under the principle of res gestæ of the finding, etc., of the body of deceased. At any rate, it was not improper, as bearing upon the question of whether or not there were other competent witnesses to the part of the whole transaction being inquired about. We find an entire absence of any effort to elicit or use said testimony for the improper purpose denounced by us in the case of Fisher v. State, 23 Ala. App. 544, 129 So. 303.

Whether or not the questions permitted, over appellant's objections, having as their purpose the bringing out of testimony as to the proper predicate for the admission of testimony of the "confessions," etc., of appellant, were "leading," we need not decide. Since it is within the discretion, not shown here to have been abused, of the trial court, to allow questions of this nature. Gurley v. State, 216 Ala. 342, 113 So. 391.

We find no fault with the admission of the testimony as to said confessions, etc. Proper predicate appears.

There was no error in allowing the witness Headley, the undertaker, to describe the wounds found on the body of deceased. Kilpatrick v. State, 213 Ala. 358, 104 So. 656.

We have examined each of the other exceptions reserved on the taking of testimony.

In no instance does the ruling involved pertain to other than an elementary principle of the law of evidence. And in none of them do we discover prejudicial error. Detailed discussion would be profitless.

The oral charge of the court covers eight and one-third typewritten pages of the transcript. Its correctness is apparent.

In addition, the learned trial judge gave to the jury, at appellant's request, 36 written charges, many of them very full and comprehensive.

Every principle of applicable law was explicitly, fully, and in some instances, repeatedly, given in charge to the jury.

We have critically examined each of appellant's written, requested, and refused charges. In each instance where such a charge contained a correct principle of applicable law, we find the same to have been given to the jury otherwise. There was prejudicial error in the refusal of none of same.

While we are not blind to the pathetic phases of the case, some of which are so eloquently discussed by appellant's able counsel, still our duty is prescribed by law, and, after a thorough study of the case, we are of the opinion that appellant had a fair trial, with no prejudicially erroneous deflections; and the judgment of conviction is affirmed.

Affirmed.