139 So. 290

DOSS v. STATE.

6 Div. 9.

Supreme Court of Alabama.

Jan. 14, 1932.

Prosch & Prosch, of Birmingham, for appellant.

92

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

**GARDNER, J.**

Defendant was convicted of murder in the second degree. That he killed John Rickles, his brother-in-law (defendant and deceased married sisters) with a shotgun, fired at close range, is not denied, and reliance was had upon his plea of self-defense. Any detailed statement of the evidence is unnecessary. It will suffice to say that for the state supported the charge of murder in the first degree, while the defendant's proof tended to support his plea of self-defense.

At the time of the shooting, the wives of the respective parties, the two sisters, were engaged in a difficulty, defendant's wife having struck the wife of deceased and, according to the state's proof, knocked her to the ground. Defendant insists that deceased then assaulted defendant's wife, and defendant's plea was extended so as to embrace his conduct as in defense of his wife as well as that of himself. The court in the oral charge covered the various phases of the law applicable to each such tendency of the proof, and several written charges were also given, at defendant's request, covering the different phases of the case.

Refused charge H is conceded to have been disapproved, and requires no further consideration. Charge 5–A, refused to defendant, is faulty in the omission of the word "reasonable," the words "any doubt" being incorrect. Moreover, the substance of this charge was well covered by other charges. The refusal of charge AA was not error. Patton v. State, 156 Ala. 23, 46 So. 862; Butler v. State, 16 Ala. App. 234, 77 So. 72.

Criticism of charge 5–A is applicable to refused charge AA. There was no error in its refusal. In addition, it appears that the substance of the matter therein sought to be charged was well embraced in other charges given, as well as the oral charge of the court.

Without conceding the correctness of refused charge 7, it may also be said of that charge that its substance was well embraced in the oral charge as well as written charges given at defendant's request.

The remark of the solicitor in argument related to a collateral matter, a long time previous difficulty between the parties; and while improper, and the objection thereto should have been sustained, yet it so clearly resulted in no injury to defendant that error to reverse could not properly be rested on this ruling of the court. Lindsey v. State, 17 Ala. App. 670, 88 So. 189. The widow of deceased and his children, who were witnesses to the homicide, testified in the cause, and the language of the solicitor in reference to the widow and children was but the statement of a fact already well known to the jury from the

witness stand, and could have resulted in no injury. Thomas v. State, 24 Ala. App. 425, 136 So. 419.

■ The ruling of the court complained of in assignment of error 26 was justified under the authority of White v. State, 111 Ala. 92, 21 So. 330.

■ As to how long defendant remained in jail was immaterial (assignment 22), and the 23d assignment evidently rests upon a misapprehension of the record, but in any event needs no further consideration.

■ The language of the trial judge, exception to which forms the basis for assignment 27, was merely upon the question of expediting the trial of the cause and in no manner calculated to control the jury in its consideration of the weight to be given the evidence, as was the matter treated in Haithcock v. State, 23 Ala. App. 460, 126 So. 890, cited by appellant. No error here appears.

■ As we read the record, all questions properly framed as to threats made by deceased and communicated to defendant were permitted to be answered, and were therefore before the jury. A number of rulings relate to questions as to details of a former difficulty between the parties. That they had a former difficulty, and that it was of serious nature, weapons being used, was allowed to go before the jury, but details thereof were properly excluded. McClusky v. State, 209 Ala. 611, 96 So. 925.

■ Other rulings related to the matter of cross-examination of witnesses, where much is left to the sound discretion of the trial court (Cox v. State, 162 Ala. 67, 50 So. 398; Mitchell v. Birmingham News Co., 223 Ala. 568, 137 So. 422, present term), and need no separate treatment.

■ Appellant insists an extract from a letter written by the wife of deceased to her mother should have been admitted in evidence to show bias of her as a witness. The entire letter was not offered and is not before us. So far as here appears, the name of defendant or any member of his family does not appear, nor is it clear it has reference to the matter, dispute over which the trouble arose. In addition, it was written considerably more than a year before the difficulty. All things considered, we are unable to see its relevancy, and cannot predicate error on this ruling.

We interpret the record as clearly disclosing the question, the ruling on which constitutes the 5th assignment of error, related to the state of feeling between the principal parties prior to the difficulty, a matter doubtless proper for inquiry in consideration of a plea of self-defense. The question was on cross-examination of the wife of deceased, who was the first witness examined as to the facts, and at that time no evidence had been offered tending in the least to establish a plea of self-defense. Under these circumstances, therefore, error cannot be predicated upon this ruling. Roberts v. State, 68 Ala. 156; Green v. State, 143 Ala. 2, 39 So. 362; Lambert v. State, 208 Ala. 42, 93 So. 708; Watson v. State, 181 Ala. 53, 61 So. 334.

The few remaining questions we consider unnecessary to be given separate treatment. Suffice it to say that, mindful of our duty, as well as responsibility, in cases of this character, we have given each a careful consideration in consultation, and we find nothing in them calling for a reversal of the cause. It results, therefore, that no error to reverse appears, and that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.