37 So.2d 753

**LOGAN v. STATE.**

8 Div. 406.

Supreme Court of Alabama.

Oct. 21, 1948.

Rehearing Denied Dec. 16, 1948.

442

Thos. C. Pettus, of Moulton, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The appellant prosecutes this appeal from a conviction of murder in the first degree and a sentence of death. It is shown from the evidence that he ambushed the deceased and killed him in his own home with a shotgun, thinking he was a different person.

Counsel for defendant have very diligently presented all questions raised by the record both in oral argument and in able and comprehensive brief, but we are persuaded that no substantial error to the prejudice of the accused intervened pending trial.

We first will observe that no error is shown by the refusal of the court to continue the case or postpone the trial. The crime occurred in May, 1947, and defendant was arraigned and counsel appointed to defend him August 7th. Trial was held August 18th, but his leading counsel, Mr. Pettus, had been privately retained to investigate the case some weeks prior thereto. We will not revise the exercise of the discretion committed to the trial court on the question of a continuance or postponement in the absence of clear abuse, which is not made to appear here. 6 Alabama Digest, Criminal Law, ☞586.

Nor, was there any error in the action of the trial court in qualifying the jury. The relationship of any prospective juror to attorneys representing the state would not be a predicate for disqualification. Code 1940, Tit. 30, § 55; Frost v. State, 225 Ala. 232(4), 142 So. 427; Turner v. State, 15 Ala.App. 19, 72 So. 574.

Likewise, we perceive no prejudice to the defendant in the question propounded to the veniremen by the trial judge, "Do you believe with your mind or soul or heart that the death penalty should be imposed, that it would be wrong in the event of a conviction?" It is, of course, a good challenge for cause if a juror has a fixed opinion against capital punishment, Code 1940, Tit. 30, § 57, and "it is safer to adopt, as near as practicable, the statute (§§ 55 and 57, Code, supra) in interrogating the jurors, subject, of course, to an explanation when not understood by the jurors." Mays v. State, 218 Ala. 656, 657, 120 So. 163, 164. However, a fair appraisement of the meaning and effect of this statement of the court is that it was no more than an effort to make plain to the jurors this statutory basis for their disqualification. The voir dire examination of jurors regarding qualification and the limit thereof is left much to the court's discretion and here we see no abuse. Redus v. State, 243 Ala. 320(18), 9 So.2d 914.

Also free of error, and on the same principle, was the action of the court in permitting the solicitor to ask on the voir dire examination, "Please consider this addressed to you separately. Do either of you gentlemen have any moral or religious convictions against a verdict of death by electrocution, that is, of course, if the evidence justifies it?" Redus v. State, supra; Underwood v. State, 239 Ala. 29, 193 So. 155.

444

■ Much stress is laid upon the introduction of two confessions made by the defendant a few days after his incarceration. These confessions, one verbal and one written, were made about the same time (R. 144), either the same evening or the next day (R. 151), and both asserted that the accused had shot the deceased, Mr. O'Neal Bain. Though counsel urges in brief that there were no sufficient preliminary predicates to permit the introduction of these confessions, we are persuaded from a careful consideration of the record that the position is untenable. It appears that proper predicate was laid for both the oral (R. 137, 144) and the written (R. 139, 155, 172) confessions.

■ While confessions are prima facie involuntary, they may appear otherwise from the circumstances attending their narration. The duty does rest, in the first instance, on the trial court to determine whether or not a confession was voluntary and unless it so appears to exclude it. But, if there is preliminary proof that no threats were made or inducements offered, or if the circumstances attending the confession disclose its voluntary character, the court in the exercise of a wise discretion will permit its introduction. Reedy v. State, 246 Ala. 363, 368(7), 20 So.2d 528; Taylor v. State, 249 Ala. 130, 135, 30 So.2d 256; Johnson v. State, 242 Ala. 278, 5 So.2d 632.

■ And, "'as the question is necessarily addressed, in the first instance, to the judge, and since his discretion must be controlled by all the attendant circumstances, the courts have wisely foreborne to mark with absolute precision the limits of admission and exclusion.' Hopt v. [People of Territory of] Utah, 110 U.S. 574, 4 S.Ct. 202, 207, 28 L.Ed. 262." Reedy v. State, supra, 246 Ala. at page 368, 20 So.2d at page 532.

■ It is now almost axiomatic that the mere fact that the accused was a prisoner in custody of officers of the law at the time of his confession does not render it inadmissible in evidence as involuntary, though made to or in the presence of an officer and in response to his questioning. Smith v. State, 248 Ala. 363,

27 So.2d 495(5); Brooks v. State, 248 Ala. 628, 29 So.2d 4(7).

■ It was the right of the accused to controvert the predicate evidence preliminary to the introduction of the confession by cross-examination of the State's witnesses or by evidence aliunde, but the State, having established by the preliminary proof the voluntary nature of the confession, was not required to examine every witness present when the confession was made or to array for interrogation every person who might have had access to or conversation with the prisoner during his incarceration in order to remove the prima facie presumption of involuntariness.

■ The defendant did not testify. His counsel were permitted to cross-examine at length all the predicate witnesses and there is not the slightest inkling that the accused had been subjected to any previous duress or any improper interrogation. Giving the evidence the careful scrutiny which the seriousness of the case demands, in the light of the well-recognized rules of law governing their admission, we must hold that the confessions were admitted without error.

In deference to counsel's serious insistence, we will add that, as regards the confessions, they have no mark of resemblance to cases such as Vernon v. Alabama, 313 U.S. 547, 61 S.Ct. 1092, 85 L. Ed. 1513; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; and White v. Texas, 310 U.S. 530, 60 S.Ct. 1032, 84 L.Ed. 1342, where it was held that despite the proven circumstances immediately surrounding the making of the confessions, it was made to appear by other evidence properly presented to the court that they were the product of repeated, previous inquisitions of the prisoner under circumstances indicating duress or calculated to inspire terror so as to wrench from him the confessory statements.

■ The written confession was in the defendant's own handwriting, in which he related the details of the shooting, as other witnesses had described it, and in which he admitted firing the shot which killed the deceased. The statement began

"I admit I'm *gantaly*" and error is sought to be rested on the conduct of the special prosecutor in reading it to the jury "I admit I'm guilty (gantaly)." This attorney explained that if he had misread the statement it was because he could not pronounce the word and the court very promptly explained to the jury that they would have the statement for inspection and that the defendant's attorneys could place whatever interpretation on it they desired. The whole statement was an admission of guilt and we see no injury to the defendant. While technically an invasion of the province of the jury, it clearly could have resulted in no prejudice since the remainder of the statement was a direct admission of guilt. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

As part of the res gestae there was properly admitted in evidence proof that present in the room with the deceased when he was called to his front porch and assassinated were his wife and four children. The argument, therefore, of the special prosecutor to the jury making reference to these members of the deceased's family was within the limits of legitimate forensic discussion, as proper deductions from proven facts. Doss v. State, 224 Ala. 90, 139 So. 290; Windom v. State, 18 Ala.App. 430, 93 So. 79, certiorari denied, Ex parte Windom, 208 Ala. 701, 93 So. 924.

Without burdening the opinion with discussing in detail other objections to various of the arguments of State's counsel to the jury, it will suffice to say that the court has considered each and all of them and are certain no prejudicial error intervened, as the several arguments were either responses to certain of the arguments of defense counsel or were inferences properly deducible from the evidence.

Error is also sought to be predicated on a certain portion of the court's oral charge to the jury respecting the verdict to be returned and the rule by which they should be guided in considering the evidence. While the instruction was inept, it was fully corrected by the rest of the oral charge and the many written instructions given at the request of the defendant, thereby resulting in harmless error, if error at all. Supreme Court Rule 45.

We deem it out of place to belabor the opinion with specific treatment of the several charges refused to the defendant. Reference to the record will disclose that the ones which correctly hypothesized the law were amply covered in the many given charges requested by the defendant or in the oral charge of the court.

Consistent with our duty, the whole court, sitting en banc, has given careful consideration to the whole record, as well as to points of error urged by counsel. Our opinion is that the trial proceeded without injurious error and that the judgment should be affirmed. So ordered.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.