444 So.2d 891 (1983)
Richard Isador JOHNSON
v.
STATE.
1 Div. 458.
Court of Criminal Appeals of Alabama.
August 2, 1983.
Rehearing Denied October 4, 1983.
*892 Major Madison, Jr., Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Richard L. Owens, Asst. Atty. Gen., for appellee.
HUBERT TAYLOR, Judge.
Appellant was indicted by the Mobile County Grand Jury on May 14, 1982, for the possession of cocaine in violation of § 20-2-70, Code of Alabama 1975. On July 29, 1982, appellant was convicted and sentenced to ten years in the penitentiary. This appeal followed.
Officer Myles, of the Mobile Police Department, responding to a call that gun shots were being fired at a place called The Flame Club, drove his patrol car toward the club. As the officer approached the club, he noticed appellant driving away from the club at a "high rate of speed." The officer followed the appellant and eventually pulled him over to check his I.D. Upon looking through the vehicle's window, he saw a revolver on the floorboard. Appellant did not have a permit for the pistol; therefore, he was placed under arrest. The officer conducted a "pat down search" or frisk of appellant; finding nothing, he put appellant in the back seat of his patrol car.
After booking the appellant, Officer Myles searched under the rear seat of his patrol car and found a vial containing cocaine. The officer testified that he had also searched under the rear seat of his patrol car at the beginning of his shift and had found nothing. Appellant was the only occupant of the rear seat between the times of the two searches. Appellant was later arrested for possession of cocaine.

I
Appellant contends that there was insufficient evidence to submit the issue of guilt to the jury. The evidence in this case was all circumstantial. The standard for reviewing the sufficiency of circumstantial evidence was set out by this court in Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1979), in the following manner:
"The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. [cites omitted] We must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might reasonably so conclude." (Original emphasis.) (Cites omitted.) Cumbo, supra, at 874.
In the case sub judice, there was extensive testimony that: the rear seat of the patrol car had been removed and the area underneath thoroughly searched prior to appellant's arrest; the doors of the patrol car had been locked at all times between the two searches, the vial had been found directly underneath the area where appellant had been sitting; and appellant had been the only person in the patrol car between *893 the times of the searches other than Officer Myles. Testimony favorable to appellant indicated that: he was frisked before being put into the patrol car and no drugs were found; no fingerprints were found on the vial; no drugs were found in appellant's car; and the officer never saw appellant put anything under the seat or drop anything to the floor.
This case is similar in many respects to the recent case of Story v. State, 435 So.2d 1360 (Ala.Cr.App.1982), rev'd, 435 So.2d 1365 (Ala.1983). There, appellant was charged with possession of controlled substances found under the passenger seat of a vehicle in which she was riding. The automobile did not belong to her, however, and she had met the driver/owner just a few hours prior to the arrest.
The Supreme Court of Alabama emphasized that the mere presence of a defendant in an automobile containing contraband is not sufficient in itself to support a conviction for possession of controlled substances. The State must introduce additional evidence from which possession and knowledge could be inferred.
In that case, the State relied on the testimony of a witness who thought he had seen appellant earlier in the evening of the arrest with a bag similar to the one in which the controlled substances had been found. He said, however, that he could not be sure because the lighting was too poor. The court held that, even taken together, mere proximity (the bag being found under the seat in which she was sitting) and the testimony of the State's witness did not provide a sufficient link between appellant and the contraband.
In the case sub judice, appellant did not own the vehicle nor was he a frequent passenger in the vehicle. The vial that was found was small, about the size of a person's finger. The vehicle in question was a police car used to transport criminals on a daily basis. The possibility is very great that the officer overlooked the vial during his initial search and that another of the many criminals transported in the vehicle dropped it there. The link in this case is even weaker than that in Story, supra, because the State has only proximity to rely on.
Appellant was frisked before being put in the vehicle, without drugs being found, and the officer never saw appellant with any drugs; there is no connection between appellant and the vial except proximity. On this ground alone, the judgment of the lower court is due to be reversed.
Even assuming the test set forth in the case of Story, supra, was met, the trial court committed reversible error in failing to charge the jury on the element of knowledge. Appellant requested charge number 6, which reads as follows:
"You are instructed that knowledge of the presence of narcotics is an indispensible element of the crime of possession of narcotics. The prosecution has the burden of establishing such knowledge by proof which satisfies you in convincing manner, beyond reasonable doubt."
If the trial court, in its oral charge, substantially covers a written request, even if the request is a correct statement of the law, refusal of the request is not error. A.R.Crim.P.Temp. 14.
The oral charge in this case, in pertinent part, reads as follows:
"What must the State prove beyond a reasonable doubt and to a moral certainty? They must prove, number one, that the substance in question was in fact as it states in this indictment, cocaine. Two, they must prove beyond a reasonable doubt and to a moral certainty that Richard Isador Johnson either had actual possession of the drug or, two, constructive possession of the drug. It is not necessary that the State prove beyond a reasonable doubt and to a moral certainty that the Defendant had actual possession of any drug. It is necessary for the State to prove beyond a reasonable doubt and to a moral certainty that he either had actual or constructive possession of the drug, consistent with the indictment in this case."
*894 The trial judge did not cover the element of knowledge in his oral charge and, therefore, refusal of appellant's written request on this element was error. See McHellen v. State, 351 So.2d 689 (Ala.Cr.App.1977).
It is the opinion of this court that the order of the lower court is due to be reversed and this cause remanded.
REVERSED AND REMANDED.
TYSON, HARRIS, SAM TAYLOR, JJ., concur.
BOWEN, P.J., concurs in result only.
BOWEN, Presiding Judge, concurring in result only.
I concur in the reversal of this cause because the trial judge refused to instruct the jury on the element of the defendant's knowledge of the presence of the drugs.
I do not think that the evidence was so insufficient that a reversal is required on that ground. Story v. State, 435 So.2d 1360 (Ala.Cr.App.1982) reversed, 435 So.2d 1365 (Ala.1983), is clearly factually distinguishable. A jury question was presented and this Court should not usurp that function. Dolvin v. State, 391 So.2d 133 (Ala. 1979).