TYSON, Judge.
Elliott James Boyd was indicted for the offense of murder in violation of § 13A-6-2, Code of Alabama 1975, and for the offense of attempted murder in violation of § 13A-4-2, Code of Alabama 1975. The petit jury found the appellant “guilty of manslaughter,” Ala.Code § 13A-6-3 (1975), and “guilty of assault in the first degree.” Ala.Code § 13A-6-20 (1975). (R. 206, 306-07, 326-27.) The trial judge sentenced the appellant to twenty (20) years in the state penitentiary on the manslaughter charge and ten (10) years in the state penitentiary on the assault charge to run concurrently with the sentence for manslaughter. The trial judge ordered the appellant to pay $25.00 to the Alabama Crime Victims Compensation Fund for each conviction.
On October 31, 1987, this appellant was seated at a table at Charlie’s Place in Montgomery, Alabama. Paul Brown, Perry Oates, Alphonzo Hayden, Terry Reese, and Darrell Boyd were also seated at this table.
An argument ensued between Paul Brown and Alphonzo Hayden and Darrell Boyd over a glass of wine or liquor. The appellant, who was seated next to Paul Brown, slapped Brown with his hand. Perry Oates, a social acquaintance of Brown, walked toward the appellant. He asked the appellant why he hit Brown; Oates then picked up a bottle from the table and attempted to strike the appellant.
A fight then ensued between Brown, Oates, and the appellant. The appellant removed a knife from the pocket of his coat, which was hanging over his chair at the table. He began swinging the knife, stabbing both Oates and Brown.
Oates died before the paramedics or police arrived. Dr. James Lauretson, a forensic pathologist with the Department of Forensic Sciences, testified that Oates had been stabbed three times. The stab wound to the left chest was the cause of Oates’ death.
Brown received two stab wounds. These wounds were not fatal.
After the conclusion of the appellant’s trial but prior to the sentencing of this appellant, he filed with the Circuit Clerk a motion for new trial, alleging, inter alia, all grounds now raised on appeal. (R. 348-49.) A post-trial hearing was held to discuss the merits of this motion, and the appellant again argued those grounds now raised on appeal. (R. 268-94). The trial judge, upon hearing the arguments, overruled the appellant’s motion for new trial.[1] (R. 293-94).
*347 I
The appellant contends that the trial judge committed reversible error by questioning and allowing the questioning of one of the jurors in front of the entire petit jury panel.
The appellant’s counsel notified the trial judge that during the recess, between choosing the petit jury from the venire and the start of the State’s case-in-chief, he observed one of the jurors having a pleasant conversation with some of the State’s witnesses. The trial judge had the jury brought back into the courtroom and asked if any of the jurors had spoken with any witnesses in the case. One juror raised her hand and stated that she had spoken with someone, but she did not know he was a witness. (R. 13-15.)
The trial judge thereby asked the juror if her speaking with that witness would affect her ability to render a fair verdict. She responded that it would not. (R. 15.)
The trial judge asked if there was anything further. The appellant’s counsel stated that questioning the juror in this fashion was very awkward, that her talking to some of the State’s witnesses prejudiced the appellant, and that a mistrial should be granted. The prosecutor objected to the motion for mistrial being in the presence of the jury. (R. 16-17.)
The State then pointed out that the primary witness to whom the juror spoke would not testify. Again, however, appellant’s counsel restated his motion for a mistrial. (R. 17-18.) The judge overruled the motion. (R. 19.)
The jury was again excused from the courtroom. At this time, the appellant’s counsel stated that he agreed with the prosecutor that the motion to exclude the juror and the motion for mistrial should have been made outside the hearing of the jury. He explained to the trial judge that calling the jury back in forced him to make his arguments before them. He also felt that the juror in issue was now hostile toward him for questioning her conduct. He moved to exclude this particular juror. The trial judge again denied his motions. (R. 22-23.)
To resolve the appellant’s contentions, we must determine (1) whether the juror at issue should have been discharged and (2) whether the entire petit jury was prejudiced by the colloquy between the juror, the trial judge and the attorneys to an extent to justify a mistrial.
First, the grounds for challenge for cause of a juror or of a venireman are set out in § 12-16-150, Code of Alabama 1975. The juror in the present cause stated that she was in the same sorority with a witness’s wife. This particular witness, a police officer, did not testify. The juror said that she was not related to the witness. She also stated that she would not be prejudiced by knowing one of the witnesses.
A trial judge is given broad discretion in determining whether a juror should be struck for cause or otherwise. This decision will stand unless clearly erroneous. Ex parte Nettles, 435 So.2d 151, 154 (Ala. 1983) (jurors testified that their relationships to certain witnesses would not affect their ability to render a fair verdict).
This court has previously stated that “[t]he fact that a juror knew a witness is not grounds for challenge for cause.” Johnson v. State, 502 So.2d 877, 881 (Ala.Crim.App.1987). Further, even had the juror been related to a witness, this fact alone would not have been sufficient grounds to challenge a juror for cause. The juror must be related to the defendant, the victim or the prosecutor. Ala.Code § 12-16-150(4) (1975). See Scott v. State, 473 So.2d 1167, 1174 (Ala.Crim.App.1985) (juror saw witness during recess to whom she was related but assured trial judge that her verdict would not be affected); *348 Goins v. State, 521 So.2d 97, 100 (Ala.Crim.App.1987) (same facts).
Therefore, the refusal of the trial judge in the cause sub judice to exclude the juror in issue was not erroneous.
Second, a motion for mistrial and discharge of a jury requires a showing of “manifest necessity.” Ala.Code § 12-16-233 (1975); Wadsworth v. State, 439 So.2d 790 (Ala.Crim.App.1983). The standard in determining whether a trial judge should discharge a jury was set out in Wads-worth, as follows:
“A high degree of ‘manifest necessity’ for the granting of a mistrial must be demonstrated before a mistrial should be granted. Woods v. State, 367 So.2d 982 (Ala.1978); Alabama Code Section 12-16-233 (1975). ‘A trial judge is allowed the exercise of broad discretion in deciding whether that high degree of necessity is present.’ Woods, 367 So.2d at 984. An appellate court ‘will not interfere with the exercise of that discretion unless there is clear abuse of it.’ Woods, supra. This is because the trial judge ‘heard what transpired and has seen the scenario unfold. He is in a far better position to determine whether a jury should be discharged and a mistrial granted.’ Duncan v. City of Birmingham, 384 So.2d 1232, 1240 (Ala.Cr.App.1980).
“Whether an improper question, answer or remark is so prejudicial as to require a mistrial depends upon the issues, parties, and general circumstances of the particular case. Williams v. State, 245 Ala. 32, 36, 15 So.2d 572 (1944). ‘The entry of a mistrial is not lightly to be undertaken ... (T)he entry should be only a last resort, as in cases of otherwise ineradicable prejudice.’ Thomas v. Ware, 44 Ala.App. 157, 161, 204 So.2d 501 (1967) (emphasis in original). A mistrial indicates more than a ‘mere erroneous ruling of law’ and signifies such fundamental errors in a trial as to vitiate the result. Thomas, supra.”
Wadsworth, 439 So.2d at 792.
In Free v. State, 495 So.2d 1147, 1154-55 (Ala.Crim.App.1986), the defendant claimed that the entire venire should have been dismissed because the venire panel was prejudiced by voir dire examination of a venireman before the other veniremen. The venireman at issue in Free stated that he would be prejudiced based on what he had read in the newspaper and his conversation with a judge about the case.
We hereby restate this court’s holding in Free as the holding in the cause now before us:
“There is absolutely nothing in the record to support a claim that the entire [jury] was prejudiced, and we will not speculate as to these matters based on the evidence before us. It would be most unreasonable to assume that the jury in this case could have been affected by the remarks of the juror to such an extent that they would have disregarded their responsibility and the court’s charge. The trial court acted properly in overruling appellant’s motion for a mistrial.”
Free, 495 So.2d at 1155. See also Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967).
II
The appellant also contends that he was prejudiced when he was escorted from the courtroom by a deputy sheriff in the presence of some of the jurors. He claims that the jury was apprised of the fact that he was in custody at the time of trial, which violates Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). As a result of the above, the appellant argues that his motions for mistrial should have been granted.
As stated above, a party must show “manifest necessity” before he is entitled to a mistrial. Wadsworth v. State, 439 So.2d 790, 792 (Ala.Crim.App.1983). To prove “manifest necessity”, the moving party must prove that he was prejudiced by the conduct of either the prosecutor, the judge, or the State, and thus was denied a fair trial. The determination of prejudice is in the discretion of the trial court and will not be overturned absent a showing of manifest abuse of that discretion. Henry v. State, 555 So.2d 768 (Ala.Crim.App.1989) *349 (holding that arrest of a defense witness in presence of jury was not so prejudicial as to be grounds for a mistrial).
To determine if the appellant was prejudiced, the trial judge allowed the deputy sheriff who escorted the appellant from the courtroom to be put on the stand for voir dire examination. Deputy Albert Estes of the Montgomery County Sheriffs Department testified as follows:
“As the jurors left, sir, my partner escorted the defendant from the witness stand where he was testifying at the time. And as he came by the stand over there, I noticed that there were about four or five jurors left standing and they were faced away. They were not looking back, sir, as I observed them. I motioned for the defendant to just continue on walking, and we escorted the individual right on out. I don’t think either one of us touched him, or anything like that. We went out the witness door rather than the jail door. We have been normally taking the prisoners in and out the jail door. Because of the references made within the Court in front of the jury, we did not utilize that door; we have been using the witness door.”
(R. 212).
We find, based on Deputy Estes’ testimony, that the appellant was not prejudiced. The appellant was not physically restrained nor was he taken through the door marked “Jail.” Additionally, appellant offered no testimony that any of the jurors actually saw the appellant being escorted from the courtroom.
The trial judge’s refusal to grant a mistrial was not an abuse of his discretion.
Ill
During the cross-examination of Terry Reese, the prosecutor questioned Reese about a prior inconsistent statement made by him. The appellant raises several issues with regard to this statement.
A
The appellant contends that the prosecutor should have shown Reese this statement and allowed him to read it before he cross-examined him about this statement. The first time defense counsel objected to the prosecutor’s use of the prior inconsistent statement was after the prosecutor had already cross-examined Reese about the statement and at the time when the prosecutor moved for the admission of the statement into evidence. Defense counsel did not object on the specific ground he now raises on appeal and thus he waived consideration of this objection on appeal. Furthermore, even if defense counsel had objected on this ground at the time, the objection would have been too late. Saffold v. State, 485 So.2d 806 (Ala.Crim.App.1986); Reeves v. State, 456 So.2d 1156 (Ala.Crim.App.1984). See also Dunn v. State, 277 Ala. 39, 166 So.2d 878, 881 (1964) (timely and specific objection needed to invoke the rule in Queen’s case).
B
The appellant asserts Reese’s prior inconsistent statement should not have been admitted into evidence because it was not properly authenticated. Reese verified that the signature on all four pages of his statement was his signature. Thus, this statement (the writing itself) was properly authenticated. The fact that Reese denied making some of the statements contained in the writing does not mean that this document was not properly authenticated for purposes of admission as impeachment evidence. Williams v. State, 451 So.2d 411, 416 (Ala.Crim.App.1984) (statement must be “signed or otherwise properly authenticated)”; W. Schroeder, J. Hoffman & R. Thigpen, Alabama Evidence § 6-8 (1987) (credibility question for jury when witness impeached by use of a prior contradictory statement). The credibility of this statement is of course a matter for the jury to determine.
C
The appellant further contends that, once Reese denied making the prior inconsistent statement, the State erred by failing to call the person to whom Reese made the statement. Impeachment of a *350 witness by use of a prior inconsistent statement can be accomplished by either the testimony of the witness to whom the statement was made or by admitting the prior inconsistent statement itself, if it is a writing. It was not error for the trial court in the case at bar to admit Reese’s written prior inconsistent statement, which was properly authenticated by him, instead of calling the person to whom he made the statement. See W. Schroeder, J. Hoffman & R. Thigpen, Alabama Evidence § 9-1(b)(2) (1987) (signature commonly identified by person who is familiar with same, obviously includes the one who signs); C. Gamble, McElroy’s Alabama Evidence § 159.01 (3d ed. 1977) (admission of a writing is in the discretion of the trial court).
IV
The appellant also claims that the trial judge erred by refusing to instruct the jury on criminally negligent homicide and erred by not instructing the jury of all of the elements of self-defense.
A
The appellant provided a written request for a jury instruction on criminally negligent homicide, a lesser included offense. The trial judge refused to instruct on the same. (R. 334).
Temporary Rule 14, A.R.Cr.P.1982, establishes the guidelines for properly presenting a requested jury charge and the manner for properly objecting to the refusal to give such a charge. The presenting of the requested charge on criminally negligent homicide was properly done, in writing, by the appellant. Rule 14, however, requires more to preserve this issue for our review:
“No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.”
A.R.Cr.P. Temp. Rule 14 (1982). See also Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), aff'd, 414 So.2d 993 (Ala.1982).
The record reveals that the appellant’s counsel objected only to the trial court’s refusal to give his requested instruction on self-defense. (R. 253-55.) No objection was made regarding the refusal to give the requested instruction on criminally negligent homicide.
Therefore, this issue is not properly before this court. See Holmes v. State, 497 So.2d 1149 (Ala.Crim.App.1986).
B
As stated, the issue of whether the trial court’s instruction to the jury on self-defense was error vel non is properly before this court based on the appellant’s timely objection before the jury retired.
The appellant presented six requested jury charges on self-defense, all of which were refused by the trial judge. (R. 328-33.) The trial judge, in his oral charge, explained the law of self-defense in detail. (R. 243-46.)
We find, in our review of the record, that the trial judge “substantially and fairly” gave the appellant’s requested instructions in his oral charge to the jury. A.R.Cr.P. Temp. Rule 14 (1982); Johnson v. State, 444 So.2d 891 (Ala.Crim.App.1983), cert. denied, 444 So.2d 894 (Ala.1984). See Ala. Code § 12-16-13 (1975).
V
The appellant lastly contends that the trial judge erred by not providing the appellant an opportunity to object to the oral charge outside of the hearing of the jury.
Temporary Rule 14, A.R.Cr.P.1982, states that “Opportunity shall be given to make the objection out of the hearing of the jury.”
After the trial judge gave his oral charge, he told the attorneys that he needed to see them. The prosecutor stated that he had no objection to the court’s charge, but the appellant took exception to the trial judge’s instruction on self-defense. (R. *351 253-55.) It is impossible for us to determine if this colloquy was outside the hearing of the jury.
At the hearing for the motion for new trial, the prosecutor stated that he discussed this matter with the court reporter and determined that the objections were heard at sidebar. (R. 281.)
The court reporter, at the same hearing, was called to testify regarding this issue. She stated that, while the appellant’s counsel was arguing his objections, she was between the bench and the jury box. She stated that she had to move closer to the bench to hear the discussion between the judge and the counsel. (R. 285-90.)
We find that the objections to the oral charges were outside the jury’s hearing.
Further, even had the jury heard and observed the appellant objecting to the trial judge’s charges, any prejudice caused would have been harmless error. See Lewis v. State, 469 So.2d 1291, 1299-1300 (Ala.Crim.App.1984), aff'd sub nom. Ex parte Blake, 469 So.2d 1301 (Ala.1985).
For the reasons shown, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., in result only.

. The trial judge expressed concern that the motion for new trial might have been denied as *347 a matter of law. The appellant filed his motion on July 20, 1988. Sentencing, however, did not take place until August 11, 1988. When a motion for new trial is filed before sentencing, it is deemed filed on the day thereof. A.R.A.P. 4(b)(1) (1984). The motion was not ruled on until November 11, 1988. This time span, from August 11 to November 11 clearly exceeds the sixty-day requirement of Temporary Rule 13(d), A.R.Cr.P.1982. The motion is deemed denied irrespective of the trial judge’s ruling.