The appellant, Bobby Bernard Butler, was convicted of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975, and was sentenced to 10 years' imprisonment. The court split the appellant's sentence, requiring that he serve 2 years in prison and 5 years on supervised probation. *Page 690 
In the early morning hours of July 1, 1992, Merry Johnson was shot in the abdomen while walking down a street in Florence, Alabama. He was unable to describe or identify the person who shot him.
Shortly thereafter, Spencer Butler, a police officer with the Florence Police Department who was off-duty at the time, was asked to come to his mother's house by a relative. There he talked with his nephew, the appellant.
The appellant told Officer Butler that he had been in a confrontation with several other people and that he had fired a gun into the air. The appellant gave Officer Butler the gun, which he had hidden nearby. Officer Butler took the appellant to the Florence police station and told him that it would be better for him in court if he told the police the truth. The appellant gave a statement to the police in which he admitted shooting Merry Johnson.
 I
The appellant argues that the circuit court erred in denying his Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986) motion. Batson held that black veniremembers could not be struck from a black criminal defendant's jury solely because of their race. 476 U.S. at 89, 106 S.Ct. at 1719. InPowers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411
(1991), the Court extended Batson to include white criminal defendants. Batson was further extended to civil cases inEdmonson v. Leesville Concrete Co., 500 U.S. 614,111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The United States Supreme Court in Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992), held that Batson was also applicable to strikes by defense counsel in criminal trials.
The appellant contends that the state failed to give valid race-neutral reasons for its strikes of three black veniremembers, numbers 19, 59, and 110. The state's reasons for striking the three black veniremembers are as follows: Veniremember 19 stated that she knew the appellant and his family and that she knew the victim and his family. She said that it would be difficult for her to be impartial. Veniremember 59 had written checks that had been turned over to the worthless check division of the district attorney's office. Veniremember 110 had been arrested for failing to pay child support and was also related to the appellant.
Being related to a defendant and being acquainted with the defendant and his family have been held to be valid race-neutral reasons for striking a veniremember. Jackson v.State, 549 So.2d 616 (Ala.Cr.App. 1989). The fact the veniremember has been prosecuted for a crime has also been held to be a valid race-neutral reason for striking a prospective juror. Bang v. State, 620 So.2d 106 (Ala.Cr.App. 1993). Here the state provided race-neutral reasons for its strikes of the black veniremembers.
 II
The appellant also contends that the state failed to prove that the statement he made to Florence police officers Randy England and Jim Price was voluntary. He contends that his uncle, Officer Butler, "encouraged and induced" him to give the statement. He also contends that the state failed to prove that his statement was not coerced because only Officer England testified that the appellant's statement was voluntary. He further contends that Officer Price would also have had to testify that the appellant's statement was voluntary for the state to meet its evidentiary burden. However, it is not necessary that every person who was present when a statement was made testify that it was made voluntarily. McCovery v.State, 365 So.2d 358 (Ala.Cr.App. 1978); Logan v. State,251 Ala. 441, 37 So.2d 753 (1948).
Officer England testified that he and Officer Price took the appellant's statement. He testified that the appellant was in his presence at all times from the time he arrived at the police station until he gave his statement, and that during this time, no one threatened the appellant, offered him any inducement, or coerced him in any way to give a statement. *Page 691 
Prior to the state's offering the appellant's statement into evidence, Officer Butler testified that he took the appellant to the police station. He testified that his sister telephoned him and asked him to come to his mother's house. He said that when he arrived there, his brother and the appellant, his nephew, were in the yard. He asked them what had happened. He testified, without objection, that the appellant told him that he had been in a confrontation with some people and that he had fired a gun into the air. The appellant did not tell Officer Butler that he had shot someone. Officer Butler told the appellant that he needed to tell the police what had happened.
On cross-examination, Officer Butler was asked if he recalled "telling [the appellant] that it would be better for him to get on and tell the truth, it would look better for you in Court." Officer Butler replied, "Yes, ma'am. I told him to tell exactly what happened."
The appellant contends that Officer Butler's statement to him that it would look better for him in court if he told the police the truth was impermissibly coercive. This court has stated, however, that "a confession is not made inadmissible because the accused is told that it is better for him to tell the truth." Golden v. State, 439 So.2d 813, 815
(Ala.Cr.App. 1983), citing Eakes v. State, 387 So.2d 855
(Ala.Cr.App. 1978).
For a statement to be admissible, the trial court must find by a "preponderance of the evidence," after considering all surrounding circumstances, that the statement was voluntary.Morrison v. State, 601 So.2d 165 (Ala.Cr.App. 1992). The statement to the accused by Officer Butler borders on offering the hope of reward in exchange for an admission or confession. Under the facts of this case, however, the state presented sufficient evidence from which the court could find by a preponderance of the evidence that the appellant's statement was voluntary.
 III
The appellant also contends that the jury's verdict was contrary to the weight and sufficiency of the evidence.
 "The weight of the evidence is clearly a different matter from the sufficiency of the evidence. The sufficiency of the evidence concerns the question of whether, 'viewing the evidence in the light most favorable to the prosecution, [a] rational fact finder could have found the defendant guilty beyond a reasonable doubt.' Tibbs v. Florida, 457 U.S. 31, 37, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982). Accord, Prantl v. State, 462 So.2d 781, 784 (Ala.Cr.App. 1984). . . .
 "In contrast, '[t]he "weight of the evidence" refers to "a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." ' Tibbs v. Florida, 457 U.S. at 37-38, 102 S.Ct. at 2216 (emphasis added [in Johnson]). We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial. E.g., Franklin v. State, 405 So.2d 963, 964
(Ala.Cr.App.), cert. denied, 405 So.2d 966
(Ala. 1981); Crumpton v. State, 402 So.2d 1081, 1085
(Ala.Cr.App.), cert. denied, 402 So.2d 1088
(Ala. 1981); Nobis v. State, 401 So.2d 191, 198
(Ala.Cr.App.), cert. denied, 401 So.2d 204
(Ala. 1981). ' "[T]he credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine." ' Harris v. State, 513 So.2d 79, 81 (Ala.Cr.App. 1987) (quoting Byrd v. State, 24 Ala. App. 451, 136 So. 431
(1931))."
Johnson v. State, 555 So.2d 818, 819-20 (Ala.Cr.App. 1989).
Section 13A-6-20, Code of Alabama 1975, provides:
 "(a) A person commits the crime of assault in the first degree if:
 "(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or dangerous instrument. . . ."
The appellant contends that the state failed to present evidence of intent. As the appellant concedes in his brief, however, intent to cause serious physical injury can be inferred from the appellant's use of a deadly weapon. "Intent may be inferred from the use of a deadly weapon, the character of the *Page 692 
assault, or other attendant circumstances." DeRamus v. State,565 So.2d 1167, 1171 (Ala.Cr.App. 1990).
Here there was sufficient evidence to support the jury's verdict. The state presented evidence at trial, both through the testimony of witnesses and through the appellant's statement to police, that the appellant shot Merry Johnson and caused him serious physical injury. Once the state has presented sufficient evidence to support a conviction, we will not reweigh that evidence.
 IV
Last, the appellant contends that the court erred in refusing to give the jury three of his requested instructions that pertained to self-defense. A review of the record reveals that the court charged the jury on the law of self-defense and that the court's charge in its entirety "substantially and fairly" covered the rules of law contained in the appellant's requested instructions. "The refusal of a requested written instruction . . . shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge." Rule 21.1, A.R.Crim.P.;Boyd v. State, 590 So.2d 344 (Ala.Cr.App. 1989).
For the foregoing reasons, the appellant's conviction is due to be affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, P.J., who dissents with opinion.