ON RETURN TO REMAND
The appellant, Otto Bennett, was convicted of assault in the first degree. After the Alabama Supreme Court released its opinion in Ex parte Thomas, [Ms. 1921804, May 20, 1994],[1] we remanded this cause to the Circuit Court for Covington County so that the court could hold a Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) hearing. The court has complied with our directions and has held a Batson hearing and filed with this court its findings.
The court found that the venire consisted of 44 persons: 35 were white and 9 were black. Of the nine black individuals struck from the venire, five knew or recognized the appellant, one had a daughter who had been convicted of distributing cocaine, one knew the appellant's wife, one had been represented by the appellant's attorney, and one had prior criminal convictions.
All of these reasons have been found to be non-violative ofBatson. The fact that a prospective juror knows the defendant or his family is a valid reason for striking a prospective juror. Dobyne v. State, [Ms. CR-91-1840, April 15, 1994] ___ So.2d ___ (Ala.Cr.App. 1994); Walker v. State, 611 So.2d 1133
(Ala.Cr.App. 1992). Also, striking a prospective juror who has a past conviction or who has a family member with a past criminal history has been held to be a race-neutral reason. Thomas v.State, 611 So.2d 416 (Ala.Cr.App.), cert. denied, 611 So.2d 420
(Ala. 1992); Baker v. State, 555 So.2d 273 (Ala.Cr.App. 1989). Last, striking a prospective juror because he knows the lawyers involved in the case does not violate Batson. Strong v. State,538 So.2d 815 (Ala.Cr.App. 1988).
This court will not reverse a lower court's ruling on aBatson motion unless that ruling is "clearly erroneous." Wrightv. State, 641 So.2d 1274 (Ala.Cr.App. 1993). The court's ruling that no violation of Batson occurred was not "clearly erroneous."
The appellant further contends, in his brief, that the court erred in not giving his requested jury instruction on self-defense. The court stated that it was not going to use the requested instruction on self-defense because it was going to use the pattern jury instruction on that issue. No error occurred here in the court's refusal to give a requested charge when the charge was substantially covered in the court's instructions to the jury. Rule 21.1, Ala.R.Crim.P., andBoyd v. State, 590 So.2d 344 (Ala.Cr.App. 1989).
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] On September 2, 1994, the Alabama Supreme Court withdrew its May 20, 1994 opinion and substituted another. See Ex parteThomas, 659 So.2d 3 (Ala. 1994).